# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CANYON DEL BUEY LLC, | ) | |
| CRAIG THIESSEN, AND | ) | |
| LANCE THIESSEN, INDIVIDUALLY | ) | |
| AND AS MANAGER OF CANYON | ) | |
| DEL BUEY, LLC | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## UNITED STATES OF AMERICA'S COMPLAINT FOR TRESPASS, EJECTMENT, DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

The United States of America, on behalf of its agency, the United States Department of Agriculture, Forest Service, for its complaint against Defendants[1] Canyon del Buey LLC, Craig Thiessen, and Lance Thiessen, individually and as Manager of Canyon del Buey, LLC, alleges as follows:

## INTRODUCTION

1. This is a civil action for trespass, ejectment, damages, declaratory judgment and injunctive relief brought by the United States, on behalf of its agency, the United States Department of Agriculture, Forest Service ("USFS"), to eject Defendants from National Forest System ("NFS") lands located on the Gila National Forest in the State of New Mexico, to compel the immediate removal of Defendants' livestock from NFS lands, to enjoin Defendants from using

---

[1] Unless stated otherwise, "Defendants" refers to Defendants Canyon del Buey, LLC, Craig Thiessen, and Lance Thiessen, collectively.

or occupying NFS lands without lawful authorization, and to recover damages arising from Defendants' unauthorized and unlawful use and occupancy of NFS lands.

2. On November 21, 2017, the USFS issued Term Grazing Permit No. 61493 to the Canyon del Buey, LLC, which authorized the grazing of 344 cow-calf pairs on the Canyon del Buey Allotment, located on the Quemado Ranger District of the Gila National Forest, New Mexico.

3. On November 29, 2018, USFS cancelled Term Grazing Permit No. 61493. On January 7, 2017, Canyon del Buey, LLC appealed the USFS cancellation of Term Grazing Permit No. 61493. On July 2, 2019, after two levels of administrative appeal, the decision to cancel Term Grazing Permit No. 61493 was upheld, and made final and effective on that date.

4. On July 2, 2019, the USFS instructed Defendants Lance Thiessen and Canyon del Buey, LLC to remove all livestock from NFS lands within 60 days, i.e., by August 31, 2019. On July 12, 2019, USFS reminded Defendants Lance Thiessen and Canyon del Buey, LLC, by letter to remove all livestock from NFS lands by August 31, 2019. In August 2019, in a phone call with the District Ranger, Lance Thiessen advised USFS that he intended to remove Canyon del Buey, LLC livestock from NFS lands by August 31, 2019. The District Ranger asked if he needed assistance from the USFS, and he declined.

5. The Canyon del Buey, LLC livestock were not removed by August 31, 2019.

6. On November 20, 2019, USFS again instructed Defendants Lance Thiessen and Canyon del Buey, LLC, by letter to immediately remove all livestock from NFS lands and advised that they would be charged unauthorized grazing fees beginning September 1, 2019, and extending into the future until all livestock were properly removed from the allotment.

2

7. On April 21, 2020, Defendants Craig Thiessen and Canyon del Buey, LLC filed a Complaint for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. §2201; To Quiet Title Pursuant to 28 U.S.C. §2409a, against the USFS, claiming that Defendants Craig and Lance Thiessen are owners of Canyon Del Buey, LLC, and that Craig Thiessen owns the livestock currently trespassing on NFS lands. *See Thiessen, and Canyon del Buey, LLC v. Irwin, et al.*, No. CIV 20-0364 (D.N.M. filed April 21, 2020).

8. To date, Defendants have not removed their livestock from NFS lands and continue to allow their livestock to graze on the Gila National Forest, without authorization.

## JURISDICTION AND VENUE

9. This action arises under common law trespass and ejectment, the National Forest Organic Administrative Act of 1897, 16 U.S.C. § 551, and regulations of the Secretary of Agriculture at 36 C.F.R. Part 222, 261, and 262.

10. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1345.

11. Venue is proper under 28 U.S.C. § 1391(b), inasmuch as Defendants reside, are incorporated, or may be found within the District of New Mexico, and the actions by which the claims arise are occurring on real property located in the District of New Mexico.

## PARTIES

12. Plaintiff is the United States of America, acting through the USFS.

13. Plaintiff is the sovereign and holds legal title to all NFS lands, including the Gila National Forest. The USFS is charged by Federal law (e.g., 16 U.S.C. §§ 475, 551 *et. seq.*, and § 1609) to manage, administer, and protect the NFS lands in question. *See Diamond Bar Cattle Co. v. United States,* 168 F.3d 1209, 1211 (10th Cir. 1999); *United States v. Fennell,* 381 F. Supp. 2d 1300, 1310-1311 (D. N.M. 2005).

14. Defendant Canyon del Buey, LLC is a limited liability company organized under the laws of the State of New Mexico in January 2017, by Craig Thiessen, who was identified as a Member, Manager, and Registered Agent of the LLC through September 2017. On January 19, 2017, Craig Thiessen transferred his real property in Datil, NM, which property served as the base property for Term Grazing Permit No. 61493, to the LLC by Warranty Deed. On September 19, 2017, the Office of the Secretary of State of New Mexico issued a Certificate of Amendment for the Canyon del Buey, LLC, pursuant to Articles of Amendment filed by Craig Thiessen, naming Lance Thiessen as Registered Agent, Manager, and Member. A New Mexico Livestock Board Brand Registration card, expiring on July 1, 2020, reflecting "Canyon del Buey, LLC c/o Craig Thiessen" on the front, suggests that the LLC is the owner of the livestock currently trespassing on USFS land. Canyon del Buey, LLC held Term Grazing Permit No. 61493 from November 21, 2017, to July 2, 2019, and purports to be the current owner of the livestock occupying NFS lands without authorization.

15. Defendant Craig Thiessen is a resident of New Mexico. On August 31, 2017, Craig Thiessen submitted an application to graze cattle on the Canyon del Buey Allotment as the Manager of Canyon del Buey, LLC, along with an Ownership Statement for the LLC listing himself as Manager and his brother, Lance Thiessen, as a Member, but voided that application because "LLC ownership changed prior to finalization of permit." Craig Thiessen claims to be the owner of livestock occupying NFS lands without authorization.

16. Defendant Lance Thiessen is currently listed as Registered Agent, Manager, and Member of the Canyon del Buey, LLC, with an address in Datil, NM. On September 18, 2017, Lance Thiessen filed an application for a term grazing permit on behalf of Canyon del Buey, LLC, and an Ownership Statement for the LLC listing himself as Manager and his brother, Craig

Thiessen, as a Member. On November 21, 2017, the USFS issued Term Grazing Permit No. 61493 to the Canyon del Buey, LLC, and Lance Thiessen signed as "Permittee or His Authorized Agent."

## CONSTITUTIONAL, STATUTORY, AND REGULATORY BACKGROUND

17. Acting through its authority under the Property Clause, U.S. Const. art. IV, § 3, cl. 2, Congress provided for the reservation of certain federal lands for National Forest purposes, to improve and protect the forests, secure favorable conditions of water flow, and to furnish a continuous supply of timber. 16 U.S.C. §§ 471 (repealed), 475.

18. The United States retains and manages NFS lands, including the lands on which the trespass in this case occurred and is occurring, pursuant to its powers under the Constitution, primarily the Property Clause, which gives Congress the power "to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, Cl. 2.

19. USFS administers the National Forest System[2] under various statutes. The Organic Administration Act of 1897, 30 Stat. 34, 16 U.S.C. § 473 *et seq.*, provides that lands may be reserved as National Forests and, *inter alia*, authorizes the Secretary of Agriculture to promulgate regulations governing occupancy and use of NFS lands and prohibits violation of the Secretary's regulations. 16 U.S.C. § 551.

20. The Secretary of Agriculture promulgated regulations regarding the occupancy and use of NFS lands, including placement of livestock on those lands, pursuant to authority granted by the Organic Administration Act of 1897, 16 U.S.C. § 551; the Granger-Thye Act of

---

[2] "National Forest System" is defined at 16 U.S.C. § 1609(a) and includes, among other lands, all National Forest lands reserved or withdrawn from the public domain.

1950, 16 U.S.C. § 580*l*; and the Federal Land Policy and Management Act of 1976, 43 U.S.C. §§ 1751-1752.

21. The Department of Agriculture's regulations governing range management, including grazing on NFS lands, are codified at 36 C.F.R. Part 222.

22. The Department of Agriculture's regulations prohibiting unauthorized livestock on NFS lands are codified at 36 C.F.R. Part 261, and the regulations governing the impoundment and removal of unauthorized livestock on NFS lands are codified at 36 C.F.R. Part 262.

23. Pursuant 36 C.F.R. § 222.1, the Forest Service Chief or designee "shall develop, administer and protect the range resources and permit and regulate the grazing use of all kinds and classes of livestock on all National Forest System lands."

24. Pursuant to 36 C.F.R. § 222.3(a), all grazing and livestock use on NFS lands "must be authorized by a grazing or livestock use permit." In fact, since 1906 the Secretary of Agriculture[3] has issued regulations requiring that persons desiring to graze stock in the National Forests first secure a permit to do so from the Forest Service. *See United States v. Grimaud*, 220 U.S. 506, 509 (1911); *Light v. United States*, 220 U.S. 523, 535-538 (1911).

25. The regulations caution that grazing and livestock use permits "convey no right, title, or interest held by the United Sates in any lands or resources." 36 C.F.R. § 222.3(b).

26. Pursuant to 36 C.F.R. § 222.4(a), the Chief is authorized to cancel a grazing permit when "the permittee knowingly and willfully makes a false statement or representation in the grazing application or amendments thereto" or "the permit holder is convicted for failing to comply with Federal laws or regulations or State laws relating to protection of air, water, soil and

---

[3] Prior to transfer of the administration of the National Forests to the Department of Agriculture, the Department of the Interior had issued regulations governing grazing on NFS lands. *See Dastervignes v. United States*, 122 F.30, 31-32, 35 (9th Cir. 1903).

6

vegetation, fish and wildlife, and other environmental values when exercising the grazing use authorized by the permit."

27. This language was incorporated into Term Grazing Permit No. 61493, which authorized livestock grazing on the Canyon del Buey Allotment from November 21, 2017, until cancellation of the permit was final and effective, on July 2, 2019.

28. Placing or allowing unauthorized livestock to enter or be on NFS lands is prohibited, and failing to remove unauthorized livestock from NFS lands when requested by the USFS is prohibited. 36 C.F.R. § 261.7.

29. Unauthorized livestock on NFS lands "may be impounded and disposed of by a forest officer as provided herein." 36 C.F.R. § 262.10

30. Grazing without USFS authorization on NFS lands is subject to assessment of an "unauthorized grazing use" rate. 36 C.F.R. § 222.50(h)

31. Trespass is defined as any entry upon the real estate of another without the permission or invitation of the person lawfully entitled to possession. Restatement 2d of Torts, §§ 158-159.

32. One who, without right, enters the public lands of the United States is a trespasser. *United States v. Osterlund*, 505 F. Supp. 165 (D. Colo. 1981), *aff'd,* 671 F.2d 1267 (10th Cir. 1982).

33. The United States, like a private landholder, is entitled to protect its property against such trespassers. *See Camfield v. United States*, 167 U.S. 518, 524 (1897); *Utah Power and Light Co. v. United States*, 243 U.S. 389, 404 (1916).

34. The United States may also impound and sell livestock found to be trespassing on national forests and other public lands. *McVay v. United States*, 481 F.2d 615 (5th Cir. 1973); *Jones v. Freeman*, 400 F.2d 383 (8th Cir. 1968).

35. This Court may remedy a trespass on public lands by directing removal of cattle from NFS lands, enjoining further unauthorized grazing, and assessing unauthorized use fees. *See Diamond Bar Cattle Co. v. United States,* 168 F.3d 1209, 1217 (10th Cir. 1999).

## FACTUAL BACKGROUND

36. This case flows from the failure and refusal of Defendants, who are without permit or other authorization to graze or place their livestock on NFS lands, to remove their livestock from lands within the Gila National Forest, despite the USFS' specific and repeated instructions that Defendants remove their trespassing livestock from NFS lands. By purposefully allowing their cattle to remain on NFS lands within the Gila National Forest without written authorization, Defendants are causing a continuing and substantial trespass on NFS lands.

37. In September 2011, Craig Thiessen, Lance Thiessen, and Kaylin R. Thiessen were jointly issued a term grazing permit for the Canyon del Buey Allotment on the Quemado Ranger District of the Gila National Forest. Shortly thereafter, the parties filed paperwork to waive that permit so that a new permit could be issued to Craig Thiessen individually.[4] A new permit was issued, and Craig Thiessen was listed as the sole permittee of record on the Canyon del Buey term grazing permit from May 21, 2012 to November 21, 2017.

---

[4] The Forest Service grazing regulations provide that "[n]ew term permits may be issued to the purchaser of a permittee's permitted livestock and/or base property, provided the permittee waives his term permit to the United States and provided the purchase is otherwise eligible and qualified." 36 C.F.R. § 222.3(c)(1)(iv).

8

38. In January 2017, Craig Thiessen contacted the USFS and asked to transfer his grazing permit from himself to his newly formed LLC "as he had been indicted by the [United States Fish and Wildlife Service] and they were coming after his permit."

39. On May 24, 2018, Craig Thiessen pled guilty to knowingly taking threatened wildlife in violation of the Endangered Species Act, 16 U.S.C. §§ 1538(a)(1)(G), 1539(j)(2)(C), 1540(b)(1), and 50 C.F.R. §§ 17.21(c)(1), 17.31, and was convicted by the District Court for the District of New Mexico.

40. In January 2017, Craig Thiessen formed the Canyon del Buey, LLC, and from January 2017 until September 2017, was identified as Member, Manager, and Registered Agent for the Canyon del Buey, LLC.

41. On August 31, 2017, Craig Thiessen filed a waiver of his term grazing permit (waiving the permit back to the United States with preference to the Canyon del Buey, LLC), an application for a term grazing permit on behalf of the Canyon del Buey, LLC, and an Ownership Statement for the LLC listing himself as Manager and his brother, Lance Thiessen, as a Member.

42. On September 18, 2017, Lance Thiessen filed an application for a term grazing permit on behalf of Canyon del Buey, LLC, and an Ownership Statement for the LLC listing himself as Manager and his brother, Craig Thiessen, as a Member.

43. On September 19, 2017, the Office of the Secretary of State of New Mexico issued a Certificate of Amendment for the Canyon del Buey, LLC, pursuant to Articles of Amendment filed by Craig Thiessen, naming Lance Thiessen as registered agent, manager, and member.

44. A New Mexico Livestock Board Brand Registration card, expiring on July 1, 2020, reflecting "Canyon del Buey, LLC c/o Craig Thiessen" on the front, suggests that the LLC is the owner of the livestock currently trespassing on USFS land.

45. On November 21, 2017, the USFS issued Term Grazing Permit No. 61493 to the Canyon del Buey, LLC, which authorized the grazing of 344 cow-calf pairs on the Canyon del Buey Allotment, located on the Quemado Ranger District of the Gila National Forest, New Mexico; Lance Thiessen signed this permit as "Permittee or His Authorized Agent."

46. On November 29, 2018, USFS cancelled Term Grazing Permit No. 61493 based on actions by Defendants Craig Thiessen and Lance Thiessen that violated the terms of the grazing permit and Secretary of Agriculture regulations at 36 C.F.R. § 222.4(a). The USFS cancellation letter cited two reasons for cancellation: (1) Craig Thiessen's conviction, which specifically violated the terms of the grazing permit and Secretary of Agriculture regulations at 36 C.F.R. § 222.4(a)(6); and (2) misrepresentations that were made by Lance Thiessen and Craig Thiessen, which also violated the terms of the grazing permit and Secretary of Agriculture regulations. The letter provided instruction on how to file an appeal of the District Ranger's decision to cancel the permit.

47. By letter dated November 29, 2018, the District Ranger for the Quemado Ranger District of the Gila National Forest advised Defendants Lance Thiessen and Canyon del Buey, LLC that Term Grazing Permit No. 61493 was cancelled, and that the decision was subject to administrative appeal pursuant to 36 C.F.R. Part 214.

48. On January 7, 2019, Defendant Canyon del Buey, LLC, represented by counsel, appealed the decision to cancel the permit. The written appeal and the written response to the District Ranger's Responsive statement were both filed during the course of the appeal in accordance with the regulations at 36 C.F.R. Part 214. Defendants Lance Thiessen and Craig Thiessen attended and participated in the oral presentation to the Appeal Deciding Officer.

49. By letter dated June 10, 2019, the Forest Supervisor for the Gila National Forest, as Appeal Deciding Officer, advised Defendants Lance Thiessen and Canyon del Buey, LLC of his decision to affirm the District Ranger's decision to cancel Term Grazing Permit No. 61493 in full.

50. Pursuant to 36 C.F.R. § 214.19, the Regional Forester for the Southwestern Region of the USFS chose to conduct a second-level, discretionary review of the appeal.

51. By letter dated July 2, 2019, the Regional Forester advised Defendants Lance Thiessen and Canyon del Buey, LLC of his decision to uphold the decision to cancel Term Grazing Permit No. 61493, making the cancellation final and effective. Further, the Regional Forester directed Defendants Lance Thiessen and Canyon del Buey, LLC to remove all livestock from the Canyon del Buey Allotment within 60 days, i.e., by August 31, 2019.

52. By letter dated July 12, 2019, the District Ranger for the Quemado Ranger District reminded Defendants Lance Thiessen and Canyon del Buey, LLC to remove all livestock from the Allotment by August 31, 2019, and provided a draft Livestock Removal Plan.

53. In August 2019, in a phone call with the District Ranger, Lance Thiessen advised USFS that he intended to remove Canyon del Buey, LLC livestock from USFS land by August 31, 2019. The District Ranger asked if he needed assistance from the USFS, and he declined.

54. Defendants failed to remove their livestock from NFS lands by August 31, 2019, despite USFS instruction to do so.

55. By letter dated November 20, 2019, the USFS advised Defendants Lance Thiessen and Canyon del Buey, LLC that continued grazing was prohibited by 36 C.F.R. § 261.7 and 16 U.S.C. § 551, and that Canyon del Buey, LLC would be charged unauthorized use fees beginning

11

September 1, 2019, in accordance with 36 C.F.R. § 222.50(h), until all livestock are removed from NFS lands.

56. Since August 31, 2019, USFS staff has monitored the Canyon del Buey Allotment, noting that livestock bearing the Canyon del Buey, LLC brand remain on the Allotment, and that Defendant Craig Thiessen and/or his personal vehicle have been on the Allotment. USFS staff have observed livestock consuming and trampling grass and other plants on the Allotment. Due to this unauthorized use of the Allotment, the USFS is unable to use the Allotment consistent with its range program, including monitoring utilization of forage and issuance of a grazing permit to a lawful user.

57. To date, the USFS staff has not seen evidence that livestock are being gathered and/or removed from the Allotment. Due to the size and terrain of the Canyon del Buey Allotment, the USFS has not been able to obtain an accurate count of livestock. However, based upon the field site visits and the number of livestock that had been authorized to be present prior to August 31, 2019, the USFS believes there are approximately 200-300[5] cattle currently on the Allotment.

58. To date, Defendants have incurred unauthorized use fees.

59. To date, Canyon del Buey, LLC, Lance Thiessen, and Craig Thiessen, are openly, knowingly, and intentionally allowing their livestock to remain on the Canyon del Buey Allotment without authorization.

## **COUNT I – VIOLATION OF FEDERAL STATUTES AND REGULATIONS**

60. Plaintiff hereby re-alleges and incorporates all preceding paragraphs of this Complaint.

---

[5] Defendants "seek preliminary injunctive relief preventing the removal of some 286 mother cows and 143 calves from the grazing allotment" in their Complaint filed in *Thiessen, and Canyon del Buey, LLC v. Irwin, et al.*, No. CIV 20-0364 (D.N.M. filed April 21, 2020).

61. Plaintiff seeks a declaratory judgment from this Court finding that Defendants are knowingly and intentionally allowing their livestock to be present without authorization on the Canyon del Buey Allotment of the Gila National Forest in violation of Federal laws and regulations.

62. Plaintiff is entitled to declaratory judgment finding Defendants are in violation of 36 C.F.R. § 222.3(a) (requiring that all grazing and livestock use on NFS lands be authorized by a grazing or livestock use permit), 36 C.F.R. § 261.7(a) (prohibiting placing or allowing unauthorized livestock to enter or be on NFS lands), and 36 C.F.R. § 261.7(b) (requiring removal of unauthorized livestock from NFS lands upon request by the USFS).

63. Plaintiff is entitled to judgment for damages consistent with 36 C.F.R. § 222.50(h) (grazing without USFS authorization on NFS lands is subject to assessment of an "unauthorized grazing use" rate).

64. Plaintiff is entitled to declaratory judgment that Defendants are required to comply with the Regional Forester's order dated July 2, 2019, and the District Ranger's order dated July 12, 2019, that Defendants were required to remove their livestock by August 31, 2019.

65. Plaintiff is entitled to declaratory judgment finding that the USFS may impound and dispose of Defendants' livestock consistent with 36 C.F.R. § 262.10 (unauthorized livestock or livestock in excess of those authorized by a grazing permit on NFS lands, which are not removed within the periods prescribed by this regulation, may be impounded and disposed of by a forest officer).

## COUNT II – TRESPASS

66. Plaintiff hereby re-alleges and incorporates all preceding paragraphs of this Complaint.

67. Defendants' continued use and occupancy of NFS lands, including allowing their livestock on NFS lands without authorization, constitutes a trespass on property of the United States.

68. Defendants are indebted to the United States for damages caused by Defendants' trespass, unauthorized use fees, and administrative costs. Further damages, fees, and costs will increase the debt Defendants owe to Plaintiff as Defendants' unlawful conduct continues and as further administrative expenses are incurred.

## COUNT III – EJECTMENT

69. Plaintiff hereby re-alleges and incorporates all preceding paragraphs of this Complaint.

70. At all times material to this Complaint, Plaintiff has held and holds legal title to and is legally entitled to possession of the NFS lands comprising the Quemado Ranger District of the Gila National Forest.

71. Defendants unlawfully and without authority failed to remove their cattle from the Quemado Ranger District of the Gila National Forest, thereby damaging Plaintiff.

72. Plaintiff is entitled to an order of ejectment, removing Defendants and their property from NFS lands.

## COUNT IV – INJUNCTIVE RELIEF

73. Plaintiff hereby re-alleges and incorporates all preceding paragraphs of this Complaint.

74. Defendants have consistently and continuously expressed their intention to defy the authority of the Secretary of Agriculture to administer NFS lands within Quemado Ranger District of the Gila National Forest.

75. Defendants have expressed their intention to place or allow livestock on NFS lands contrary to the expressed directives of USFS officers acting under the authority of the Secretary of Agriculture.

76. Plaintiff has no adequate remedy at law to address the continuous and persistent unlawful conduct of Defendants on NFS lands and consequential damages, and therefore seek a preliminary and permanent injunction prohibiting Defendants from placing or allowing unauthorized livestock on NFS lands.

WHEREFORE, the United States respectfully requests judgment against Defendants as follows:

1. For declaratory judgment that Defendants are in violation of 36 C.F.R. § 222.3(a) (requiring that all grazing and livestock use on NFS lands be authorized by a grazing or livestock use permit), 36 C.F.R. § 261.7(a) (prohibiting placing or allowing unauthorized livestock to enter or be on NFS lands), and 36 C.F.R. § 261.7(b) ( requiring the removal of unauthorized livestock from NFS lands upon request by the USFS);

2. For declaratory judgment that Defendants are jointly and severally responsible for damages consistent with 36 C.F.R. § 222.50(h) (grazing without USFS authorization on NFS lands is subject to assessment of an "unauthorized grazing use" rate);

3. For declaratory judgment that Defendants are required to comply with the Regional Forester's order dated July 2, 2019, and the District Ranger's order dated July 12, 2019, that Defendants remove their livestock from NFS lands;

4. For declaratory judgment that USFS may impound and dispose of Defendants' livestock consistent with 36 C.F.R. § 262.10 (unauthorized livestock or livestock in excess of

those authorized by a grazing permit on NFS lands, which are not removed within the periods prescribed by this regulation, may be impounded and disposed of by a forest officer);

5. For a writ of ejectment and such other appropriate writs and orders, enabling officers of the United States, including the U.S. Marshall and USFS law enforcement officials, to physically remove Defendants' livestock from NFS lands;

6. For preliminary and permanent injunctive relief ordering Defendants to vacate, including removing their livestock from NFS lands immediately; and ordering that if Defendants fail or refuse to comply with such injunctive relief within a reasonable time, the United States is authorized to impound Defendants' unauthorized livestock and to dispose of them without further order of the Court, notice, administrative action or accounting, in accordance with 36 C.F.R. § 262.10;

7. For injunctive relief prohibiting Defendants from placing or allowing their livestock on NFS lands except as authorized by the USFS pursuant to a valid grazing permit or other USFS authorization;

8. For an order enjoining Defendants from interfering with, obstructing or otherwise impeding the United States from removing Defendants' livestock;

9. For a judgment against Defendants jointly and severally for unauthorized grazing fees from September 1, 2019, through the date on which Defendants' livestock are removed from NFS lands, consistent with 36 C.F.R. § 222.50(h).[6]

10. For additional damages attributable to Defendants' unauthorized use and occupancy of NFS lands, including without limitation, any damages arising from the

---

[6] Unauthorized grazing fees established by USFS for the period September 1, 2019 through February 29, 2020 were $2.58 per head month. For the period March 1, 2020 through the date of the filing of this Complaint, unauthorized grazing fees are $1.77 per head month.

16

impoundment, care, transportation and sale or other disposal of Defendants' trespassing livestock, plus costs, and interest as allowed by law; and

11. For such further relief as the Court deems just and proper.

DATED this 21st day of July, 2020

                Respectfully Submitted,

                JOHN C. ANDERSON
                United States Attorney
                District of New Mexico

                */s/ Cassandra Casaus Currie, 07-21-2020*
                CASSANDRA CASAUS CURRIE
                Assistant U.S. Attorney
                United States Attorney's Office
                P.O. Box 607
                Albuquerque, New Mexico 87103
                Phone: (505) 346-7274
                cassandra.currie@usdoj.gov

                */s/ Andrew A. Smith*_____
                ANDREW A. SMITH
                Senior Trial Attorney
                U.S. Department of Justice
                Environment and Natural Resources Division
                Natural Resources Section
                c/o United States Attorney's Office
                P.O. Box 607
                Albuquerque, New Mexico 87103
                Phone: (505) 224-1468
                andrew.smith@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| | | | | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](#).

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.